## Centerville Borough School District Tax Case. Jones & Laughlin Steel Corporation Appeal.

Argued May 25, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John F. Roney*, for School District of Centerville Borough.

*Ralph H. Demmler*, with him *W. C. Plummer*, *Edward C. Ford, Joseph C. Spriggs* and *Reed, Smith, Shaw & McClay*, for Jones & Laughlin Steel Corporation.

OPINION BY MR. JUSTICE HORACE STERN, June 24, 1949:

These appeals are controlled by the decision this day rendered in the case of *Hampton Township School District Tax Case*, 362 Pa. 395, 67 A. 2d 376. On July 6,

1948 the Board of School Directors of the School District of the Borough of Centerville in Washington County adopted two resolutions, one of which imposed a tax of three cents per ton on the "privilege or transaction of all coal mined or severed in the ground of Centerville Borough . . . or for the privilege or transaction of the transportation of all coal mined without the boundaries of Centerville Borough but transported within or through the boundaries of Centerville Borough;" the other resolution imposed a tax of five cents per ton for the "privilege or transaction of the dumping or unloading of all slate, stone, slag, cement and other waste materials from the mining of coal or from the manufacturing of steel."

Jones & Laughlin Steel Corporation, which mines coal in Centerville Borough, mines coal without the boundaries of the Borough but transports it within and through the Borough, and dumps waste materials on land owned by it within the Borough, appealed from these resolutions to the Court of Quarter Sessions of Washington County, which sustained the appeals insofar as they related to the tax on the privilege of transporting coal within and through the Borough, but dismissed them insofar as they related to the tax on the privilege of mining coal in the Borough and the tax on the privilege of the dumping of waste materials.

As was pointed out in the case of the Hampton Township resolution the Act of June 25, 1947, P. L. 1145, denied authority to the local bodies to impose a tax on "the privilege of employing such tangible property as is now or does hereafter become subject to a State tax." Since Jones & Laughlin Steel Corporation pays a capital stock tax and also a corporate net income tax to the Commonwealth all of its property and assets are subject to a State tax, and therefore, by the express prohibition of the 1947 Act, the School District of Centerville Borough may not impose a tax on the privilege of mining

coal or of conducting any operation which is a constituent part of such mining. The dumping of the waste materials of the mine is a necessary part of the process of mining, and therefore a tax on the privilege of that operation also falls under the ban of the statutory provision. Moreover, the dumping of waste on the corporation's own land is a use or employment of that land, and therefore, for that reason also, the privilege of such employment is not subject to local taxation. As far as the tax on the transportation of coal within or through the Borough is concerned, such a tax is clearly invalid because only such property is taxable as has an actual situs within the boundaries of the taxing district as distinguished from a merely momentary or temporary location there, and therefore it is generally held that property in transit through a taxing district is not subject to local taxation: see 61 C. J. 529, 530, [§642] g; 110 A. L. R. 724-726.

In the appeal by the School District of the Borough of Centerville in No. 113, March Term, 1949, from the order of the court below sustaining the appeals of Jones & Laughlin Steel Corporation insofar as they related to the tax on the privilege of transporting coal mined without the boundaries of Centerville Borough but transported within or through its boundaries, the order is affirmed. In the appeals by Jones & Laughlin Steel Corporation in Nos. 119 and 121, March Term, 1949, from the order of the court below dismissing its appeals insofar as they related to the tax on the privilege of mining coal in the Borough and the tax on the privilege of the dumping of waste materials within the Borough, the order is reversed. The tax resolutions of the School District of the Borough of Centerville of July 6, 1948 are adjudged invalid and void. The costs of these appeals to be borne by Jones & Laughlin Steel Corporation.

Mr. Justice JONES dissents for reason given in *Hampton Township School District Tax Case,* 362 Pa. 395,