Pittsburgh Coal Company, Appellant, *v.* Forward Township School District.

Argued October 6, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

reargument refused January 29, 1951.

*William J. Kenney,* with him *Roy Thomas Clark* and *Rose, Eichenauer, Stewart & Rose,* for appellant.

*William H. Eckert,* with him *John G. Buchanan, Jr., Smith, Buchanan & Ingersoll, Joseph L. Best,* Solicitor for Forward Township School District, *Frank R. Bolte,* Solicitor for Snowden Township School District and *George W. Munnell,* Solicitor for Elizabeth Township School District, appellees.

OPINION BY MR. JUSTICE JONES, January 2, 1951:

These appeals grow out of separate actions of assumpsit instituted by the plaintiff against the several defendant school districts for the recovery of taxes allegedly paid erroneously and inadvertently: see Act of May 21, 1943, P. L. 349, 72 PS §5566b. In each instance, the taxes were imposed by due resolution of the respective school district, acting under authority of the Act of June 25, 1947, No. 481, P. L. 1145 (53 PS § 2015.1-2015.8) ; and the plaintiff paid them knowingly. Following our decisions in *Lawrence Township School District Tax Case,* 362 Pa. 377, 67 A. 2d 372, and *Jamison Coal & Coke Company v. Unity Township School District,* 362 Pa. 389, 66 A. 2d 759, where we held invalid substantially similar taxing resolutions, as to corporations paying a State tax, the plaintiff company thereupon ceased paying the taxes so imposed by the defendant districts and instituted the suits here involved to recover the sums already paid on account of such taxes. All of the material facts appear by the

pleadings and are not disputed. After argument of the legal questions involved, the court below entered the judgments for the defendants from which the plaintiff brought these appeals.[1]

By the express terms of the Act of 1943, supra, it is essential to an action thereunder that the taxes sought to be recovered were paid erroneously or inadvertently. True, the plaintiff does allege that such was the attending situation with respect to the payments here in suit; but the allegation is a bald and unsupported conclusion in direct conflict with the material facts pleaded by the complaints. In each case, the plaintiff avers that the taxing resolutions were expressly adopted under the authority of Act No. 481 of 1947 and that, pursuant to such resolutions, the plaintiff paid into the respective treasury of the defendant districts the taxes which it now seeks to recover. There is not even the slightest intimation that the plaintiff did not knowingly and understandingly pay the precise amounts of the taxes imposed upon it by the duly enacted tax resolutions. This is further confirmed by the fact that, as also averred by the complaints, the plaintiff paid the taxes in question under protest in writing,—a clear indication that it knew

---

[1] Strictly speaking, only the judgment in the case against the *School District of Forward Township* was entered, upon motion, on the pleadings. The cases against *School District of Snowden Township* and *School District of Elizabeth Township* came before the court on preliminary objections by the plaintiff, under Rule 1017 (b) (4) of the Pennsylvania Rules of Civil Procedure, to the defendants' answers and new matter. Upon the overruling of the preliminary objections, the plaintiff was entitled to plead over within such time as the court might fix: see Rule 1028 (d). However, the court below, upon dismissing the plaintiff's preliminary objections, therewith entered judgments for the defendants. Those judgments now stand of record and are not attacked by the plaintiff for any technical irregularity in the matter of their entry. The one and the same question of law is all that is involved in the three appeals.

exactly what it was doing when it paid the taxes. That the resolutions later proved to be legally ineffectual did not serve to make the plaintiff's intentional and deliberate payments erroneous or inadvertent.

In *Columbia Casualty Company v. Westmoreland County*, 365 Pa. 271, 274, 74 A. 2d 86, it is implicit that a payment of taxes to be made erroneously or inadvertently must be made "under [a] mistaken assumption as to the facts." The language of the Supreme Court of South Dakota in *Security National Bank v. Twinde*, 52 S.D. 352, 217 N.W. 542, 544, in construing the term "erroneously paid" as a prerequisite to a tax-recovery under a statute of that State, is so apposite presently as to justify the following quotation therefrom: "We think the word 'erroneously,' as used in subdivision 5 of section 6813, must be taken in its ordinary sense of 'mistakenly'. There was no error or mistake in the payment made by the plaintiff. It paid the very tax and the amount of tax that it intended to pay; nor was there any error in noting the payment or in issuing the receipt. In our view, the words 'erroneously paid' were clearly intended to cover cases where payment was made under a misapprehension as to what was being paid. But a tax intentionally and understandingly paid, although the assessment was made or the tax levied incorrectly, is not erroneously paid, and we do not think that section 6813 was designed to allow a refund of taxes in such a situation." See, also, *Shea v. State Tax Commission*, 101 Utah 209, 120 P. 2d 274, 275, which cites and accords with *Security National Bank v. Twinde*, supra. In *Estate of Brown*, 196 Cal. 114, 236 P. 144, 147, and in *Kelshaw v. Superior Court*, etc., 137 Cal. App. 189, 30 P. 2d 432, 433, in treating with a statute of California providing for refunding of inheritance taxes "when any amount of said tax shall have been erroneously paid", it was respectively

held that the statutory provision has no applicability to the payment of an improper assessment or to a case where there has been a payment of the exact amount specified by the assessment. *Girard Trust Company v. Philadelphia,* 359 Pa. 319, 59 A. 2d 124, which appellant cites, is distinguishable. That was a case in which a corporate fiduciary mistakenly believed that it came within the purview of the taxing Act.

There is still a further reason why the plaintiff cannot recover. Section 3 of Act No. 481 of 1947 specifically provides a right of appeal by taxpayers of a political or municipal subdivision, of certain number or amount, to the Court of Quarter Sessions of the County within thirty days of the passage of a taxing resolution enacted pursuant to the authority conferred by that Act. Thereby, the validity of such a resolution, as well as any question of the taxpayers' liability for the tax so imposed, can at once be adjudicated. The procedure has been invoked a number of times[2] and affords both an efficient and expeditious remedy in advance of the need for payment of the tax. The plaintiff neither avers nor contends that the remedy provided by Section 3 of Act No. 481 of 1947 was not available to it for a prompt determination as to its liability for the taxes in question. But, as already appears, it went ahead and paid the assessments. In that situation the common law action of assumpsit will not lie for the recovery of the taxes so paid.

Section 13 of the Act of March 21, 1806, P.L. 558, 4 Sm. L. 326, 46 PS §156, provides that "In all cases

---

[2] See *Centerville Borough School District Tax Case,* 362 Pa. 400, 67 A. 2d 378; *Hampton Township School District Tax Case,* 362 Pa. 395, 67 A. 2d 376; *Lawrence Township School District Tax Case,* 362 Pa. 377, 67 A. 2d 372; and *Dunkard Township School Tax Case,* 359 Pa. 605, 60 A. 2d 39; also *Ford Collieries Company Appeal,* 64 D. & C. 332.

where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect." In *Commonwealth to use, etc. v. Lentz,* 353 Pa. 98, 104, 44 A. 2d 291, we said with respect to the above quoted statutory provision,—"In practice, that has meant that one who fails to exhaust his statutory remedies may not thereafter raise an issue which could have and should have been raised in the proceeding afforded by his statutory remedy. See Bartron v. Northampton County, 342 Pa. 163, 168, 19 A. 2d 263; cf. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-52." In *Bartron v. Northampton County,* supra, we noted that "There has been developed in this Commonwealth a doctrine, based on an early statute, that where a remedy or method of procedure is provided by an Act, its provisions shall be strictly pursued and *exclusively applied"* (Emphasis supplied). See also *Colove v. Robesonia Borough,* 364 Pa. 626, 628, 73 A. 2d 679. In *Northampton County v. Herman,* 119 Pa. 373, 378, 13 A. 277, where a sheriff sued in assumpsit to recover for fees paid him in allegedly reduced amounts as determined by the county auditors, acting in pursuance of a statute later declared unconstitutional, the remedy in assumpsit was denied the plaintiff because his right of appeal to the Court of Common Pleas from the auditors' report was held to be his exclusive remedy by virtue of the restrictions of the Act of 1806. This court there said,—"A special tribunal is thus erected, with all necessary powers to bring before it the parties, witnesses, etc., determine the indebtedness by or to the officer, and enforce its collection. This, under the

provisions of the Act of 1806, necessarily excludes every other remedy except the appeal provided for; . . . ."

Consequently, even though equity's jurisdiction to adjudicate the invalidity of taxation for want of power to tax continues to endure notwithstanding the remedy provided by Act No. 481 of 1947 *(Jamison Coal & Coke Company v. Unity Township School District,* supra, at p. 392), the appellant is nonetheless without standing to question in a common law action its payments of taxes the validity whereof could have been determined by means of the legal machinery statutorily provided by Act No. 481. The contention that the plaintiff is actually endeavoring to assert a statutory *right* fails to recognize that the inhibition of the Act of 1806 is against the use of a common law *remedy* where a statutory *remedy* obtains. In other words, it is the remedy (e.g., assumpsit) as distinguished from the right of action under the Act of 1943 that is not available to the plaintiff in the circumstances.

It is unnecessary for us to consider or pass upon the other grounds advanced by the learned court below in support of its action in entering the judgments for the defendants.

Each of the judgments appealed from is affirmed.