## REPUBLIC STEEL CORP. v. SCHOOL DIST. OF WEST DEER TP.

### Civ. No. 8463.

United States District Court
W. D. Pennsylvania.
Aug. 17, 1951.

T. F. Patton, General Counsel, Republic Steel Corporation, Cleveland, Ohio, William J. Kenney, Roy Thomas Clark (of Rose, Eichenauer, Stewart & Rose), Pittsburgh, Pa., for plaintiff.

William H. Eckert, John G. Buchanan and Max O. Siegel (of Smith, Buchanan, Ingersoll, Rodewald & Eckert), Pittsburgh, Pa., for defendant.

FOLLMER, District Judge.

Republic Steel Corporation brings this action to recover taxes paid to the School District of West Deer Township, pursuant to a resolution adopted by the School District under the Act of June 25, 1947, Act No. 481, P.L. 1145, 53 P.S. § 2015.1–2015.8. The resolution imposed "a tax for general school purposes, upon the privilege, transaction, or occupation of mining and/or severing of coal from the ground in West Deer Township, * * *."

The material facts in the case are:

1. The plaintiff, together with the Ford Collieries Company, as taxpayers of defendant School District of West Deer Township, on March 19, 1948, in a proceeding designated "Appeal from Resolution of the School District of West Deer Township Levying and Assessing Taxes Pursuant to Act No. 481 of the 1947 Sessions of the Legislature of the Commonwealth of Pennsylvania" to No. 80 March Sessions 1948 Miscellaneous, appealed to the Court of Quarter Sessions of Allegheny County,

Pennsylvania, under the provisions of Section 3 of the Act of June 25, 1947, supra, averring "that the aforesaid resolution of the School District of West Deer Township is unconstitutional, unlawful, and void * * *." The Court on May 28, 1948, adjudged the resolution constitutional and dismissed the appeal.

2. No appeal was taken by Republic Steel Corporation, the plaintiff here, from the judgment of the Court of Quarter Sessions of Allegheny County, Pennsylvania.

3. During the period from August 13, 1948, to May 18, 1949, plaintiff made various payments of tax under said "Resolution", in the aggregate sum of $23,402.60, each payment being by check to the order of the Tax Collector, and accompanied by a letter addressed to "Mr. John Hudak, Tax Collector, Box No. 6, Bairdford, Pennsylvania" with one exception, namely, the letter of August 13, 1948, which was addressed to "Mr. John Squiller, Treasurer, West Deer Township School District c/o Louis Costello, Secretary, West Deer Township School District, Bairdford, Pennsylvania" and accompanied by a check payable to "John Squiller, Treasurer of West Deer Township School District."

4. Each letter accompanying a payment contained the statement "We wish further to advise you that the payment of this tax is herewith made under protest without prejudice to the rights of Republic Steel Corporation to obtain a refund of such tax in the event that it is determined to be unlawful or inapplicable to Republic Steel Corporation."

5. The Supreme Court of Pennsylvania in 1949 held invalid the tax imposed by similar resolutions of other school districts.[1]

6. Plaintiff on January 19, 1950, filed its complaint in the instant case seeking to recover the taxes so paid, contending that the taxes were erroneously and inadvertently paid to the defendant School District, and that it is entitled to a refund under the provisions of the Act of May 21, 1943, P.L. 349, 72 P.S. § 5566b et seq.

## Conclusions of Law.

1. Plaintiff cannot recover the taxes, as paid erroneously and inadvertently, under the Act of May 21, 1943, P.L. 349, 72 P.S. § 5566b.

2. Plaintiff having litigated the issue under Section 3 of Act No. 481 of 1947, and having failed to appeal from the adverse judgment in such proceedings, such judgment is final and conclusive with respect to the present action and the rule of res adjudicata applies.

3. Plaintiff is not entitled to a refund of said taxes.

## Discussion.

██ ██ In Pittsburgh Coal Company v. Forward Township School District, 366 Pa. 489, 78 A.2d 253, 256, the Supreme Court of Pennsylvania held that the procedure provided by Section 3 of the Act of June 25, 1947, No. 481, P.L. 1145, 53 P.S. §§ 2015.1–2015.8 under the authority of which act the resolution was passed "affords both an efficient and expeditious remedy in advance of the need for payment of the tax." Plaintiff here did avail itself of this remedy to the extent of proceeding under Section 3 of the Act of June 25, 1947, supra, in the Court of Quarter Sessions of Allegheny County, Pennsylvania, but instead of appealing from that adverse decision, proceeded to pay the tax "under protest."

With respect to a claim for refund under the Act of 1943 on the ground that the taxes were paid erroneously or inadvertently, plaintiff under such circumstances cannot sustain such a claim. As the Supreme Court of Pennsylvania in the Pittsburgh Coal Company v. Forward Township School District case, supra, stated "There is not even the slightest intimation that the

1. In re Centerville Borough School District Tax Case, 1949, 362 Pa. 400, 67 A.2d 378; In re Hampton Township School District Tax Case, 1949, 362 Pa. 395, 67 A.2d 376; Jamison Coal and Coke Company v. Unity Township School District, 1949, 362 Pa. 389, 66 A.2d 759; A. E. Dick Contracting Company v. Hazle Township School District, 1949, 362 Pa. 387, 65 A.2d 381; In re Lawrence Township School District Tax Case, 1949, 362 Pa. 377, 67 A.2d 372.

plaintiff did not knowingly and understandingly pay the precise amounts of the taxes imposed upon it by the duly enacted tax resolutions. This is further confirmed by the fact that, as also averred by the complaints, the plaintiff paid the taxes in question under protest in writing,—a clear indication that it knew exactly what it was doing when it paid the taxes. That the resolutions later proved to be legally ineffectual did not serve to make the plaintiff's intentional and deliberate payments erroneous or inadvertent." But, there is a more fundamental bar to plaintiff's claim. The law of Pennsylvania is that "When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, as between parties to the suit and their privies, final and conclusive with regard to every fact which might properly be considered in reaching a judicial determination and with regard to all points of law relating directly to the cause of action in litigation."[2]

Plaintiff having failed to appeal from the adverse judgment in the Court of Quarter Sessions of Allegheny County, Pennsylvania, is bound thereby and cannot recover in the present action.

2. Fleming v. Strayer, 367 Pa. 284, 80 A. 2d 786, 788; See also, Blum v. William Goldman Theatres, Inc., 3 Cir., 174 F. 2d 914; Loughran v. Matylewicz, 367 Pa. 593, 81 A.2d 879.