## Consolidated Dressed Beef Company, Inc., v. City of Philadelphia

114

*Frank Rogers Donahue*, for plaintiff.

*Frank F. Truscott*, City Solicitor, and *Karl I. Schofield*, Assistant City Solicitor, for defendant.

KUN, P. J., October 31, 1951.—Plaintiff filed suit against the city to recover sewer rents which it claims to have paid for the years 1946 and 1947 "erroneously and inadvertently". The city rendered plaintiff sewer rent bills during those years and for the years 1948, 1949 and 1950. Plaintiff apparently paid the precise amounts of the bills rendered, because nothing else was pleaded in that regard. Plaintiff alleges that in December 1950 it learned that there was no sewer in the place mentioned that connected with plaintiff's plant; whereupon, on December 14, 1950, plaintiff, through its counsel, took the matter up with the receiver of taxes office, and demanded a refund of the rents so paid, as a result of which negotiations, the city refunded to plaintiff, in January 1951, the sewer rents paid by plaintiff for the years 1948, 1949 and 1950, but refused to refund the rents paid for the years 1946 and 1947, to recover which this suit is brought. Defendant City filed preliminary objections

to the complaint, questioning the right of plaintiff to recover on the facts pleaded.

Plaintiff bases its right of recovery of the sewer rents on the Act of May 21, 1943, P. L. 349, 72 PS §5566(*b*), et sec., which provides that:

"Whenever any person or corporation of this Commonwealth has erroneously or inadvertently paid or caused to be paid into the treasury of any political subdivision . . . any tax or taxes on real or personal property, or any license fee or fees, under an assumption that such taxes or license fees were due and owing, when in fact such taxes or license fees, . . . were not due and owing to the political subdivision, then in such cases the authorities of the political subdivision, upon due proof of any such erroneous or inadvertent tax or license fee payments, are hereby directed to draw their warrant on the treasurer of such political subdivision in favor of such person or corporation, to make refund out of the public funds of such tax or taxes or license fee or fees to which the political subdivision has no valid claim. . . ." Section 2 of the act, 72 PS §5566c, gives to the aggrieved person or corporation a "right to recover the sum involved by instituting an action in assumpsit in any court of competent jurisdiction within the county wherein such political subdivision is located". Section 3, 72 PS §5566d, provides that the act shall be retroactive as regards all taxes and fees "erroneously or inadvertently paid into the treasury of any political subdivision for a period of not exceeding three years prior to the discovery of such erroneously paid taxes and fees".

It is to be noted that the statute is limited to the refund of "taxes and license fees". It has been decided that sewer rents are not taxes: Hamilton's Appeal, 340 Pa. 17, 21. They are certainly not "license fees". The statute being in derogation of the common-law rule that all such voluntary payments may not be recov-

ered (De La Cuesta v. Insurance Co. of N. A. et al., 136 Pa. 62, 20 Atl. 505; Shenango Furnace Company v. Fairfield Township, 229 Pa. 357, 78 Atl. 973; Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District, 304 Pa. 489, 494, 156 Atl. 75), the act must be construed strictly in that regard. If it should be the legislative desire to permit the recovery of sewer or water rents in the same circumstances granted for the recovery of taxes and license fees, it would seem to us that appropriate legislation would have to be passed to authorize it.

It is questionable, therefore, as we have suggested, whether plaintiff was entitled to receive a refund of the sewer rents voluntarily paid by it for the years 1948, 1949 and 1950, not only for the reason indicated but also because of the severe restriction which was placed on the words "erroneously and inadvertently" in the act in the late case of Pittsburgh Coal Company v. Forward Township School District, 366 Pa. 489. It appears that in the earlier case, Girard Trust Company v. Philadelphia City and County, 359 Pa. 319, the court accorded the benefit of the act to a corporate fiduciary merely on the ground that it "mistakenly believed" that it came within the purview of the taxing act there involved when it made the payment, refund of which was permitted. However, in the later case, as stated, there was a severe restriction of this view, on a more thorough study of the words "erroneously and inadvertently". The court followed the reasoning of a South Dakota case, a Utah case and California cases, which held in effect that if taxes are intentionally and purposely paid, there was no room for considering them to have been either "erroneously or inadvertently" paid, so as to permit refunds on that basis under similar statutes. As we understand it, what was decided by those cases now followed by our Supreme Court was that if a taxpayer intended to make payment, which he

in fact made, particularly in the exact amount specified by the assessment or bill, he could not thereafter contend that he had made the payment "erroneously or inadvertently". In other words, the fact of the alleged erroneous or inadvertent payment had to be with reference to the payment itself, and it is not recoverable merely because it turned out to be that the tax was for some reason not legally due or payable. The Girard Trust case was distinguished by the mere statement that in that case a corporate fiduciary "mistakenly believed" it came within the purview of the taxing act. However, the rationale of the cases referred to would not seem to permit such a distinction. Certainly a corporate fiduciary could make an intentional, specific tax payment in the precise amount of a tax bill intending to make the payment, just as any other person or corporation could. It is questionable, therefore, whether the Supreme Court would follow the Girard Trust decision in a similar case, in view of its decision in the Pittsburgh Coal case, and the reasoning it followed therein.

However that may be (on the continuing assumption that the Act of 1943 applies to sewer rents), it is quite clear that the three-year limitation in the statute itself prevents refund of the sewer rents paid by plaintiff for the years 1946 and 1947. Section 3 of the act limits the retroactive effect of the act to the recovery of "taxes and fees" erroneously and inadvertently paid "for a period not exceeding three years prior to the discovery of such erroneously paid taxes and fees".

The complaint in this case does not state when plaintiff "discovered" the alleged error in the payment of the sewer rents, but pleads that on December 14, 1951, demand was made upon defendant for the refund of the sewer rents. Obviously, the error was discovered after the payment of the 1950 sewer rent, because that year's rent together with those for 1948 and 1949 were

refunded to plaintiff. The retroactive provision of the act cannot be extended.

Both plaintiff and defendant have referred to the City Ordinance of July 18, 1944 (p. 119). Plaintiff points to the fact that it provides not only for "taxes and license fees", as in the Act of 1943, but also to "other payments" erroneously or inadvertently paid into the city treasury; this, to meet the city's contention that the Act of 1943 does not apply to sewer rents. Defendant points to the provision of the ordinance "that no refund shall be made of any sum which had been paid more than three years prior to the date of the filing of the application for the refund thereof". As to the latter provision, plaintiff argues that the case of Girard Trust Company, supra, which held that inasmuch as the statute provides that it shall be retroactive as regards taxes erroneously or inadvertently paid, for a period not exceeding three years prior to the "discovery" of such "erroneously paid taxes (or) fees", the provision in the ordinance "that no refund shall be made of any sum which has been paid more than three years prior to the date of the filing of the application for the refund thereof", must be held ineffective because it is in conflict with the statute in that regard. The ruling saved plaintiff's cause in that case, although asserted 22 months after the alleged "discovery" of the error, but has no effect whatever on plaintiff's claim in this case, there being no such factor of difference between the time of "discovery" of the alleged error and the assertion of the claim, the last sewer rents having been paid in 1950, as pointed out, and demand for refund being made in the same year as pleaded.

As has been pointed out, the Act of 1943 is limited to the refund of taxes and license fees, and if plaintiff wants to get the benefit of the wider provision in the ordinance, indicated by the addition of the words "and other payments", so as to include sewer rents, it must

necessarily be subject to the additional limitation provided in the ordinance in that regard. Plaintiff must take the ordinance cum onere. Secondly, the ruling referred to, as already pointed out, really makes no difference in this case because on either basis plaintiff was not entitled to a refund of more than the sewer rents for the years 1948, 1949 and 1950 on any view of the case.

We feel impelled to add that if the evident underlying purpose of the act is to be accomplished, it ought to be amended so that the reference to taxes, license fees or whatever other payments are to be added, which are to be refunded, should be described not as presently in the act as those "erroneously and inadvertently" paid, as to which the strict construction has been made in the case of Pittsburgh Coal Company, supra, but words should be used similar to the language in section 503 of the Fiscal Code of April 9, 1929, P. L. 343, as amended, which provides for the refund of taxes, though voluntarily paid to the Commonwealth, found to have been such to which the Commonwealth was not "rightfully or equitably" entitled. It would also be very helpful if in any amendment to the Act of 1943, instead of using the vague point of "discovery" of error, with reference to which the three-year retroactive limitation is to be calculated, some such term as used in the city ordinance, as the date of demand on the city for a refund, or the filing of an application therefor, would be provided as more appropriate for the proper administration of the act. In addition it would be helpful, we think, if such legislation fixed a time limitation within which suit in such a case must be brought, to avoid the necessity of consideration of any question of laches which might be brought up, as it was in the Girard Trust Company case; otherwise, the financial status of the city would continue in a state of uncertainty for an indefinite period in relation to

proper budgeting. It was that philosophy which underlay the development of the common-law rule against permitting recovery of taxes voluntarily paid. If there is a legislative will to relax the rigor of the rule, it should be done in more explicit and precise terms, in order to accomplish the intended result. These suggestions might well receive the consideration of the legislative branch of the government.

On any consideration of the case plaintiff's claim for refund of sewer rents voluntarily paid by it without protest for the years 1946 and 1947 is not recoverable under the Act of 1943 or the city ordinance referred to. Accordingly, the city's objections are sustained and judgment is entered for defendant.