Plymouth Lanes, Inc., Appellant, *v.*
Plymouth Township.

Argued May 5, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Philip D. Weiss,* with him *Desmond J. McTighe,* and *Duffy, McTighe & McElhone,* for appellant.

*Ernest E. Heim,* Solicitor, for school district, with him *A. Benjamin Scirica,* Solicitor, for township, appellees.

OPINION BY MR. JUSTICE COHEN, July 31, 1964:

During 1959 the Township of Plymouth and the School District of the Township of Plymouth (appellees), both in Montgomery County, enacted, respectively, an ordinance and a resolution in identical terms imposing a tax ". . . upon the sales of admissions [to] or on the privilege of attending or engaging in amusements. . . ." In each, "amusement" was defined as including a bowling alley. The tax rate and measure in each was ten percent (10%) of the admission price or charge for exercising the privilege with the proviso that where an admission charge was included in the price paid for refreshments, service or merchandise, the amount allocable to the admissions feature of the payment might be deemed to be fifty percent (50%) of the total amount paid. The tax was to be paid by the person acquiring the privilege (or, presumably, paying the admission price) and collected by the person conducting the place of amusement.

Plymouth Lanes, Inc. (appellant) brought the present action to enjoin the township and school district from imposing or collecting the tax, alleging a variety of constitutional and statutory reasons for the invalidating of the ordinance and resolution. The court below found against appellant and this appeal followed.

Appellant's attack on the tax in this Court has been refined to encompass just two points. The first is that the tax is prohibited by the Act of June 25, 1947, P. L. 1145, §1, as amended, 53 P.S. §6851; the second is that the tax as enacted violates the uniformity clause of Article IX, §1, of the Pennsylvania Constitution and the equal protection clause of the Fourteenth Amendment to the United States Constitution.

The Act of 1947, supra, provides, inter alia, in broad terms that local political subdivisions of the Commonwealth may levy taxes on "persons, transactions, occupations, privileges, subjects and personal property within the limits" of the taxing subdivisions. This grant of power is subsequently restricted by certain limitations, one of which forbids the political subdivisions, "(3) except on sales of admission to places of amusement or on sales or other transfers of title or possession of property, to levy, assess or collect a tax on the privilege of employing such tangible property as is now or does hereafter become subject to a State tax. . . ." This restriction, says appellant, is transgressed by the present tax.

Appellant reasons as follows: As applied to the activity of bowling, where no fee for admission is charged but rather a fee per game is collected after the participant bowls, the present tax is clearly one upon a privilege and not one upon sales of admission. Therefore, the first exception in the quoted restriction is inapplicable. Moreover, the tangible property used in bowling is subject to the State's sales and use tax, Act of March 6, 1956, P. L. (1955) 1228, as amended, 72 P.S. §§3403-1 to 3403-605 (Supp. 1963); and appellant is subject to the State's capital stock tax, Act of June 1, 1889, P. L. 420, §21, as amended, 72 P.S. §1871. Therefore, says appellant, since bowling gives rise to a tax upon the privilege of employing tangible property and since this property is subject to two State taxes, the present tax is invalid.

Obviously, this analysis by appellant leaves several questions unanswered. Appellant has assumed that the privilege being taxed here is one of employing tangible property although the case cited by it, *Horsham Township v. Horsham Key Bowling, Inc.,* 75 Mont. L.R. 300 (1958), simply states that a similar tax was on the "privilege of bowling." It also assumes that both State taxes mentioned are taxes on the tangible property itself. Both assumptions require further analysis.

The specific limitation quoted above can conceivably be read to forbid the imposition of a local tax on the privilege of doing business when the property of the business is subject to a State tax. This interpretation would render imposition of the customary local mercantile license tax on a domestic corporation subject to the State's capital stock tax improper. Such a broad interpretation of the limitation may even appear justified as a result of our decisions in *Hampton Township School District Tax Case,* 362 Pa. 395, 67 A. 2d 376 (1949), and *Centerville Borough School District Tax Case,* 362 Pa. 400, 67 A. 2d 378 (1949), where we held invalid two local school district resolutions imposing taxes on the privilege of mining coal and one such resolution imposing taxes on the privilege of dumping waste materials from mining coal or manufacturing steel. In each instance our decision was based on the theory that the privilege being taxed (mining, dumping) inherently involved the use of the property devoted to the business activity (mining). In other words all of the property (coal) is used in conducting the business of mining, and a tax on the privilege of conducting the business is a tax on the use of the property itself. Since the taxpayer corporations in each case paid a capital stock tax to the State and since such tax is a tax on the property of the corporation,[1] there existed

---

[1] We also stated that the State corporate net income tax is a property tax. This is incorrect, of course. *Commonwealth v. Warner Bros. Theatres, Inc.,* 345 Pa. 270, 27 A. 2d 62 (1942).

a State tax on the property; and the local school districts could not tax the privilege of using the property.

Indeed, the potential breadth of these decisions must have been foreseen by Justice (later Chief Justice) JONES who dissented on the ground that the Court was repudiating its prior decision in *Federal Drug Company v. Pittsburgh,* 358 Pa. 454, 57 A. 2d 849 (1948), where we upheld Pittsburgh's mercantile license tax (imposed under authority of the Act of 1947, supra) against the arguments, among others, that it duplicated the State corporate net income tax and the State foreign franchise tax. True, in that case the limitation here invoked does not seem to have been discussed; rather, another limitation forbidding actual duplication of a State tax formed the basis of the attack on the ordinance. Nevertheless, the very absence of any contention based on the limitation involved here indicates that it was not considered applicable to the situation; and its continued lack of application since the coal mining cases to other, superficially similar, situations clearly implies that it was not intended to have the breadth of application which could be implied from the coal mining decisions. Those decisions were, and remain, unique; beyond them, we look only to the actual imposition of the local tax—i.e., is it actually on the use of specific property subject to a State tax.

In the present case a tax of ten percent (10%) of the charge made for engaging in bowling is imposed upon the person performing the activity and is to be collected by the person imposing the charge. On the other hand, bowling alley equipment, when acquired by the proprietor of the alley, is subject to the State's sales and use tax; and, here, the proprietor (Plymouth Lanes, Inc.) pays a State capital stock tax. Obviously, the stated burden of the tax in each instance is on different taxpayers: in one, on the bowler; in the other, on the operator. More important, however, for purposes of the present limitation the local tax is on the privilege

of engaging in the amusement; the fact that this particular amusement happens to involve the use of certain property subject to a State tax is coincidental to the incidence of the local tax. The latter cannot be considered as a tax on the privilege of using bowling equipment; therefore, it does not violate the limitation contained in the Act of 1947, supra.

Appellant's second contention that the present tax violates the uniformity clause of Article IX, §1, of the Pennsylvania Constitution and the equal protection clause of the Fourteenth Amendment to the Federal Constitution is based on the language of the tax ordinance and resolution defining "admissions". This provision states that the charge for admission is the measure of the tax but that where such charge is included in the price of "refreshments, service or merchandise" at a "roof garden, night club, cabaret, or other place" the amount attributable to the admission charge may, at the option of the operator, be deemed to be fifty percent (50%) of the amount paid for refreshments, service or merchandise. Use of this option has been denied appellant on the ground that the only services and/or merchandise furnished by appellant are those forming an integral part of bowling itself, whereas the option was designed to account for situations where something is provided in addition to entertainment although only a single charge is made.

Far from agreeing with appellant's position, we believe the option is reasonably designed to promote uniformity by eliminating from the measure of tax those charges directly attributable to items other than the charge for admission or entertainment and taxing only the latter. In bowling the only direct charge is for bowling; the cost of pinsetting, supplying score sheets, etc., are indirect costs of engaging in this activity. If, in fact, a particular bowling alley operator supplied his customers with soft drinks without making a sepa-

rate charge and collected an amount for the soft drink designed to include the cost of bowling, the operator would be entitled to calculate by reference to the option. Or, if he included the price of the soft drink in the charge for bowling and were refused use of the option because the charge was not made for the refreshment, he might well make an argument that the uniformity clause has been violated. Neither such situation is present here.

Decree affirmed at appellant's costs.