## Hanover Borough v. Criswell

204

*Harry C. Elsesser, Jr.,* for appellants.
*Donald E. Albright,* for appellee.

ATKINS, P. J., October 19, 1964. — The Borough of Hanover, York County, Pa., enacted an ordinance, no. 1164, the pertinent portions of which read as follows:

"Section 1. Unless otherwise expressly stated the following words, terms and phrases, when used in this ordinance, shall have the meanings ascribed to them in this section.

" 'Admission' — A monetary charge of any character whatever charged or paid for the privilege of attending or engaging in amusements as herein defined.

" 'Amusement' — All manner and form of entertainment, including but not limited to theatrical performances, operatic performances, motion picture exhibitions, with or without accompanying sound effects, carnivals, shows, concerts, lectures and sports events.

" 'Section 4. Except as otherwise provided in Section 2 hereof, there is hereby assessed, levied and imposed for the fiscal year 1963 for the general borough purposes a tax upon the sale of admissions to any amusement within the Borough of Hanover at the rate of five percentum (5 per cent) of the amount charged or paid, which said tax shall be payable as follows:" Penalties are provided for failure to make the reports and to pay the tax required by the terms of this ordinance.

Defendants were prosecuted before a justice of the peace in the borough under the penalty provisions of the ordinance, and after a hearing were held to be in violation of it and a penalty was imposed. An appeal was taken to this court.

In lieu of a hearing before the court, counsel filed a stipulation of facts. Defendants are the president and secretary of Clearview Bowling Center, Inc. which owns and operates bowling lanes in the borough. Patrons are charged by the game and if less than a game is bowled the charge is proportionate to the full charge per game as the number of games bowled is to 10. Although the stipulation does not set forth facts which would render defendants liable personally to the penalty under the ordinance, counsel at the argument stated they did not desire to press this question and would agree if the tax were properly due defendants are personally subject to the penalty provisions of the ordinance.

The only question raised in the appeal is whether bowling is a subject of taxation under the terms of the ordinance. An analysis of the pertinent provisions of the ordinance shows that the taxable event is the exercising of the privilege of attending or engaging in amusements as defined in the ordinance. Is then bowling an amusement under the specific definition in this ordinance? No question is raised as to the ability of the borough to adopt an appropriate ordinance which would impose a tax on bowling, nor could there be, since the Supreme Court in Plymouth Lanes, Inc. v. Plymouth Township, 415 Pa. 206, has held that such authority does exist under the Act of June 25, 1947, P. L. 1145, sec.1, as amended, 53 PS §6851. Since the ordinance lists a number of specific forms of entertainment, defendants argue that the rule of ejusdem generis requires the exclusion of bowling. They then say that since all of the enumerated types of entertainment are of the spectator type as opposed to the type in which there is a participation, admissions to the former type only may be taxed under this ordinance. Such a strict construction would then render meaningless the phrase "engaging in" in the definition of "Admission" in the

ordinance. This would violate the rule stated in Fidler v. Zoning Board of Adjustment, 408 Pa. 260, 267, that "An ordinance like a statute must be construed, if possible to give effect to all of its provisions". Also, "The doctrine of ejusdem generis is but a rule of construction to aid in . . . giving effect to the legislative intent, where there is uncertainty, and does not warrant the court in subverting or defeating the legislative will by confining the operation of a statute within narrower limits than intended by the lawmakers. If, on consideration of the context and whole law upon the subject, and the purposes sought to be effected, it is apparent that the legislature intended the general words to go beyond the class specially designated, the rule does not apply": Commonwealth v. Randall, 183 Pa. Superior Ct. 603, 614. We think it is apparent here that it was not the intention of the legislative body of the borough to restrict the application of this tax to admissions to spectator events. Entertainment is synonymous with diversion, recreation, pasttime or sport: Webster's New International Dictionary, 2d Edition. Bowling certainly then is a form of entertainment and therefore the charge made for the privilege of engaging in bowling is subject to the tax.

And now, to wit, October 19, 1964, at 10 a.m., (E.D.S.T.), it is ordered, adjudged and decreed that Charles Criswell and C. Robert Weller are each guilty of a violation of Ordinance No. 1164 of the Borough of Hanover, York County, Pennsylvania in that they have failed to make reports and pay tax as required by said ordinance. Each of them is ordered to pay a penalty to the Borough of Hanover in the amount of $50 and to pay the costs of this proceeding. An exception is granted to defendants to the action of the court in this regard.