## United Penn Bank v. Yustat-Lewis

*Lawrence T. Phelan,* for plaintiff.
*Ruth Slamon Borland,* for defendants.

BROMINSKI, *J.,* June 21, 1989 — This matter is before the court on plaintiff's motion for summary judgment.

### History and Facts

Plaintiff commenced this action by the filing of a complaint which alleges that defendants are in default of their mortgage with plaintiff in that they have failed to make monthly payments in accordance with the terms and conditions of the mortgage.

Defendants, in their answer, although admitting

that they have been delinquent in their mortgage payments since February 1988, deny that plaintiff is entitled to relief because an appeal of their rejection under the Homeowner's Emergency Assistance Program is still pending before the Pennsylvania Housing Finance Agency.

## Law and Discussion

Summary judgment may be granted if on the basis of the pleadings, affidavits, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any, there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. In determining whether summary judgment shall be entered, a court must be guided by the following rules:

"The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. In determining whether the moving party has met this burden, the court must examine the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Summary judgment should be granted only in the clearest case, where the right is clear and free from doubt." *Bertani v. Beck,* 330 Pa. Super. 248, 251-2, 479 A.2d 534, 535-6 (1984). (citations omitted)

With such guidelines in mind, we have reviewed the pleadings and other matters which were part of the record and germaine to the motion for summary judgment and conclude that there is a genuine issue of material fact.

This matter is governed by the mandates set forth in the Housing Finance Agency Law, Act of December 3, 1959, P.L. 1688, Art. I §101 et seq., as amended, 35 P.S. §1680.101 et seq. and Act of December 23, 1983, P.L. 385 §2, as amended, 35 P.S. §1680.401(c) et seq. The pertinent provision applicable to the facts of the instant case is set forth in part as follows:

"The notice shall include a statement that, if the mortgagor is unable to resolve the delinquency or default within 30 calendar days of the mortgagor's first contact with either the mortgagee or a consumer credit counseling agency, the mortgagor may apply to the agency or its duly authorized agent at the address and phone number listed in the notice in order to obtain an application and information regarding the Homeowner's Emergency Mortgage Assistance Program. If the mortgagor applies for mortgage assistance payments, the agency shall promptly notify all of the mortgagees secured by the mortgagor's real property. The agency shall make a determination of eligibility within 60 calendar days of receipt of the mortgagor's application. *During the time that the application is pending, no mortgagee may commence legal action to foreclose upon its mortgage with the mortgagor.*" 35 P.S. §1680-403c(b). (emphasis supplied)

Although the court has found no case law on point, nor have the parties directed us to any, we are left to construe the emphasized portion of the quoted language consistent with the findings and purpose of said act. *West Penn Sand & Gravel Co. v. Norton*, 95 F.2d 498 (3d Cir. 1938). Also, the preamble to the act may be considered in the construction thereof. *Fedor v. Borough of Dormont*, 487 Pa. 249, 409 A.2d 334 (1979); *Board of Com-*

*missioners of Swatara Township of Dauphin County v. Automatic Bowling Centre Inc.,* 419 Pa. 482, 214 A.2d 725 (1965).

The preamble is set forth as follows:

"(a) *Findings* — The General Assembly finds that:

"(1) The commonwealth is in a severe recession and that the sharp downturn in economic activity has driven large numbers of workers into unemployment and has reduced the incomes of many others;

"(2) as a result of these adverse economic conditions, the capacity of many homeowners to continue to make mortgage payments has deteriorated and may further deteriorate in the months ahead, leading to the possibility of widespread mortgage foreclosures and distress sales of homes;

"(3) many of these homeowners could retain their homes if they received temporary financial assistance until economic conditions improve; and

"(4) a program is needed to prevent similar emergencies in the future.

"(b) *Purpose* — It is the purpose of this act to establish a program which will, through emergency mortgage assistance payments, prevent widespread mortgage foreclosures and distress sales of homes which result from default caused by circumstances beyond a homeowner's control."

A fair reading of the findings and purpose as set forth in the preamble shows that the legislature intended to prevent mortgage foreclosures which result from circumstances beyond the control of the homeowner. Therefore, based upon the foregoing, we conclude that the application is still pending until the disposition of the timely-filed appeal. Any other result would be absurd or unreasonable and violative of the presumption that, in enacting legis-

lation, the legislature does not intend a result which is absurd or unreasonable. *Unionville-Chadds Ford School District v. Rotteveel,* 87 Pa. Commw. 334, 487 A.2d 109 (1985); 1 Pa.C.S. §1922(1).

The objective of Article IV-C of the act is remedial and humanitarian. *Harman v. Housing Finance Agency,* 108 Pa. Commw. 285, 529 A.2d 1153 (1987). In *Harman,* the assistance provisions of the act were interpreted "liberally and broadly to effect its purposes." *Id.* at 295, 529 A.2d at 1157. Therefore, based upon the foregoing, plaintiff's motion for summary judgment is denied.

Accordingly, we enter the following

## ORDER

Now, June 21, 1989, at 10:55 a.m., it is hereby ordered, adjudged and decreed plaintiff's motion for summary judgment is denied and dismissed.