Rice Drug Company, Appellant, v. Pittsburgh et al.

Argued September 27, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*David B. Pitler,* with him *Jack J. Rosenberg,* for appellant.

*J. Frank McKenna, Jr.,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1948:

The question raised by this appeal is whether a dealer in cigarettes, required to pay a tax to the Commonwealth under the Cigarette Tax Act of May 13, 1947, P. L. 215, 72 PS Supp. 3154, is also liable to pay a mercantile license tax to the City of Pittsburgh under its mercantile tax ordinances. The learned court below decided that the dealer was liable. This appeal followed.

The Act of June 25, 1947, P. L. 1145, 53 PS Supp. 2015.1 et seq. empowers political sub-divisions to assess and collect taxes on persons, transactions, occupations, privileges, subjects and personal property except where they now or hereafter *"become subject to a state tax or license fee".* This Act we held to be constitutional: *English et al. v. Robinson Township School District et al.,* 358 Pa. 45, 55 A. 2d 803.

By the Cigarette Tax Act of May 13, 1947, P. L. 215, 72 PS Supp. 3154, dealers in cigarettes are required to secure a permit to sell cigarettes and to pay a permit fee of One Dollar. The Act also provides:

"A State excise tax is hereby imposed and assessed upon sale of cigarettes by dealers at the rate of two cents per ten cigarettes. . . ."

Pursuant to the Act of June 25, 1947, supra, the City of Pittsburgh enacted two ordinances dated December 1, 1947. One, No. 489, required persons engaged in enumer-

ated occupations and businesses to obtain a mercantile license upon payment of a named fee. The other, No. 488, assessed a tax on persons engaged in such occupations and businesses measured by the annual gross volume of business. The validity of these ordinances was sustained by this Court in Federal Drug Co. v. Pittsburgh et al., 358 Pa. 454, 57 A. 2d 849.

The Rice Drug Company, appellant, is a dealer, inter alia, in cigarettes. It secured a State cigarette permit and paid the State tax, but protests the payment of the City's mercantile license fee and mercantile tax. The appeal from the judgment raises the question of the legality of the tax assessment.

The validity of the tax is clearly established by the decision of this Court in Blauner's, Inc. et al. v. Philadelphia et al., 330 Pa. 340, 198 A. 889. The facts in that case parallel those now before us, except that in the Blauner case it was the State which imposed the mercantile tax while the City enacted the sales tax. The language of both statutes and ordinances are substantially the same. The gist of the decision in the Blauner case is that while both taxes are excise taxes, a sales tax is a levy on the transaction whereby property is acquired, whereas the mercantile tax is an imposition for the privilege of doing business. Mr. Justice DREW succinctly states this principle at p. 346:

"The State mercantile license tax and the City sales tax are similar in that they are both excises, but the similarity goes no further. The City tax is a levy on sales, the State tax is a levy imposed for the privilege of conducting a particular kind of business, albeit the amount of the tax is measured by gross sales. The sales tax is imposed upon the transaction whereby property is acquired; the mercantile tax is an imposition for the privilege of doing business."

The Blauner case has been repeatedly cited with approval: Philadelphia v. Samuels, 338 Pa. 321, 12 A. 2d 79; Federal Drug Company v. Pittsburgh et al., 358 Pa.

454, 57 A. 2d 849; *Puntureri v. Pittsburgh School District,* 359 Pa. 596, 60 A. 2d 42. In all of these cases this Court held that the tax imposed by the political subdivision in no way duplicated the State tax. As we said in *Federal Drug Company v. Pittsburgh et al.,* supra, at p. 457: "The respective impacts of the two taxes are on a totally different basis." See also: *Dunkard Township School Tax Case,* 359 Pa. 605, 60 A. 2d 39.

Appellant strenuously argues that the tax imposed under the *State Cigarette Tax Act,* supra, is *not* a sales tax but is a tax imposed on the *privilege of selling* cigarettes and hence the City mercantile tax duplicates the State tax. Much reliance is placed upon the use of the word *excise* in the Act. But as Mr. Justice LINN points out in *Philadelphia v. Samuels,* supra, the use of the same word may have variable meanings in different tax statutes. Even if this tax be regarded as an excise tax, the City mercantile tax is not necessarily invalid: *Blauner's, Inc., et al., v. Philadelphia et al.,* supra. We have examined the words of the present statute to determine the true nature of the tax assessed. The words of the State Cigarette Tax Act are:

"A State excise tax is hereby imposed and assessed upon *sale* of cigarettes by dealers at the rate of two cents per ten cigarettes . . ." (emphasis supplied).

The words of the ordinance in the *Blauner* case are:

". . . there shall be paid a tax of two per centum upon the amount of every sale. . . .": (Ordinances and City Solicitor's opinion 1938, p. 27).

The ordinance in the *Blauner* case states that the tax imposed is a *sales tax.* The State tax in the present case is upon *a transaction* and *not* upon the *privilege of doing business.* What was said in the *Blauner* case has equal application here and rules the case.

There is no merit in appellant's contention that the payment of a fee of One Dollar under the State Cigarette Tax Act, in order to secure a permit to sell cigarettes, is a payment for the privilege of selling cigarettes, where-

fore the City mercantile tax duplicates the State tax. Obviously the legislature intended, by the use of these words, to inform the Commonwealth of the identity of the sellers of cigarettes who would be liable for the payment of the tax. Clearly the imposition of this nominal charge was not intended to be an excise tax *for the privilege of selling* cigarettes.

Judgment affirmed.