## O. H. Martin Company *v.* Sharpsburg Borough, Appellant.

Argued October 9, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*J. Alfred Wilner*, with him *James Craig Kuhn, Jr.* and *Wilner, Wilner & Kuhn*, for appellants.

*A. E. Kountz*, with him *William A. Meyer, Edward T. Tait* and *Kountz, Fry & Meyer*, for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 11, 1954:

This is an appeal from a decree of the court below enjoining defendant-borough from enforcement of an ordinance under which it taxed gross receipts of individuals or corporations offering service to the general public within the borough of Sharpsburg.

The appellee is a Pennsylvania corporation engaged in building construction and general contracting, and has its principal office within the borough. Some of its work is done in the borough, but its operations are principally carried out on the site of its jobs, many of which are outside the state. The ordinance imposed, inter alia, "on all . . . contractors . . . and on all other persons offering any service . . . to the general public . . . from places . . . within the Borough . . . a business privilege tax. . . on the gross receipts derived from all

services." (Italics supplied). The ordinance also included a saving clause that nothing contained therein should be construed to empower the borough to levy and collect taxes not within its power under the Federal or State Constitutions. Appellee attacked the ordinance, contending that: (1) It fails to distinguish between interstate and intrastate commerce, and that this defect is not cured by the saving clause; (2) it contains no formula for apportionment between receipts from interstate and intrastate commerce; (3) it unlawfully delegates to the tax collector the authority to determine who shall be required to pay the tax. The last contention arises from the fact that the ordinance empowers the tax collector "to prescribe . . . and enforce rules and regulations relating to . . . administration and enforcement." Under this the tax collector issued regulations providing that the ordinance did not apply to that "portion of . . . gross receipts which the Borough . . . is prohibited from taxing by reason of the Constitution of the United States . . . Receipts . . . from interstate commerce transactions [will be excluded] only if these transactions involve the performance of services out of the State for a client . . . out of the State." The forms for tax returns also provided for exclusion of receipts from interstate commerce. The court below held that the ordinance was invalid because there was no formula for apportionment of receipts, and that it unlawfully delegated to the tax collector authority to decide who the taxables would be.

It is true that "a direct State tax upon the privilege of conducting interstate commerce is invalid.": *Keystone Metal Co. v. Pittsburgh*, 374 Pa. 323, 327, 97 A. 2d 797. See also *Spector Motor Service, Inc. v. O'Connor*, 340 U. S. 602. But merely because a portion of the receipts of a business is derived from interstate transactions does not preclude assessment and collec-

tion of a tax on its intrastate activities: *McGoldrick v. Berwind-White Coal Mining Company,* 309 U. S. 33; *Keystone Metal Co. v. Pittsburgh,* 374 Pa. 323, 97 A. 2d 797. In *Dravo Contracting Co. v. James,* 114 F. 2d 242[1] (decided in response to the remand made by the Supreme Court in the same entitled case, 302 U. S. 134) the taxpayer contended that the tax was void because no method of apportionment had been provided in a statute imposing a tax upon the gross income of every person "engaging or continuing within this state in the business of contracting . . ." Upholding the validity of the statute, the Court determined: "The fact that the Supreme Court [Dravo Contracting Co. v. James, 302 U. S. 134] sustained the tax, although the point was expressly raised in the record that it was invalid because imposed on [gross] income derived partly from out-of-state activities with no provision for apportionment, is conclusive . . . as to its validity . . . Since no method of apportionment is provided by the statute, it is clear that the apportionment directed by the Supreme Court [on the prior appeal] means *a separation, for purposes of taxation under the statute, of the portion of the income subject to the taxing power of the state.* And that this is all that the statute was intended to tax, appears from the fact that the tax is imposed upon 'engaging or continuing *within the state* in the business of contracting.' . . . It is well settled that, *where income subject to the state's taxing power is separable from that which is not, a tax will be upheld as to the portion which is so subject* . . . The tax here is not upon a unitary enterprise conducted in several states, but upon the business of contracting conducted in West Virginia, and income derived from that business is properly subject to taxation by that state. Only 'upon

---

*receipts in other states for work done in other states'* is the tax not assessable." (Italics supplied.)[2]

The instant ordinance provides that the tax is upon "contractors . . . offering any service . . . from places . . . within the Borough." The borough is seeking to impose the tax upon one admittedly engaged in the contracting business in the borough, and only upon these gross receipts derived from intrastate business. These receipts are readily separable from its interstate receipts, and as in the cited case, the omission from the ordinance of a formula for apportionment does not render it invalid. In the present ordinance there is no intention to tax receipts from interstate commerce, and the items being easily susceptible of separation, the borough may impose and collect the tax upon the receipts from intrastate business without the ordinance providing particular formulae of apportionment. See also *Bowman v. Continental Oil Co.*, 256 U. S. 642.

The ordinance is not invalid as an improper delegation of legislative authority to the tax collector who was charged with its enforcement and administration. On the contrary the ordinance is complete in itself. The regulations issued by the tax collector are merely in aid and explanation of the ordinance, and do not supply any deficiency in the ordinance, as was the case in *Murray v. Philadelphia*, 364 Pa. 157, 71 A. 2d 280, and other cases cited by the appellee. The ordinance was sufficiently clear, definite, and certain to permit the courts to determine, with reasonable degree of certainty, what the borough intended. Its provisions are complete and consistent and it can be enforced without doubt as to meaning or coverage. See *American Baseball Club of Philadelphia v. Philadelphia*, 312 Pa. 311, 167 A. 891.

---

[2] The phrase "within the state" is italicized in the cited case.

The result here is not affected by *J. D. Adams Manufacturing Co. v. Storen,* 304 U. S. 307, and the other cases relied on by the appellee. The cited case holds that "So far as the sale price of the goods sold in interstate commerce includes compensation for a purely intrastate activity, the manufacture of the goods sold, it may be reached for local taxation by a tax on the privilege of manufacturing, measured by the value of the goods manufactured, or by other permissible forms of levy upon the intrastate transaction. It is because the tax, forbidden as to interstate commerce, reaches indiscriminately and without apportionment, the gross compensation for both interstate commerce and intrastate activities that it must fail in its entirety *so far as applied to receipts from sales interstate . . .* as respects the appellant's sales of its manufactured product in interstate and foreign commerce, the statute cannot constitutionally be enforced." (Italics supplied). It is clear that this does not preclude validity of the ordinance in the instant case.

Decree reversed and bill dismissed at cost of appellee.