F. J. Busse Company et al., Appellants, *v.* Pittsburgh.

Argued October 8, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

reargument refused August 20, 1971.

*John G. Kish,* with him *T. Robert Brennan* and *Brennan and Brennan,* for appellants.

*Frederick A. Boehm,* First Assistant City Solicitor, with him *Eugene B. Strassburger, III* and *Marion K.*

*Finkelhor,* Assistant City Solicitors, and *Ralph Lynch, Jr.,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE POMEROY, June 28, 1971:

The City of Pittsburgh, as a municipal corporation and a city of the second class, acting under the authority of the Local Tax Enabling Act of December 31, 1965, P. L. 1257, as amended, 53 P.S. §6901 et seq. (Supp. 1971) (hereinafter "the Act" or "the Enabling Act") enacted Ordinance No. 675 of 1968, known as the Business Privilege Tax Ordinance, imposing a tax upon the privilege of engaging in business in the City of Pittsburgh. This tax is measured by the gross receipts of a business and is assessed at the rate of six mills per dollar of volume of gross annual receipts. The appellants, a group of domestic and foreign corporations engaged in the contracting and construction industry, filed a complaint in equity attacking the validity of the ordinance and seeking to have the City and its officials enjoined from collecting the tax. The chancellor found the tax ordinance to be valid and applicable to the appellants; after exceptions his decree was affirmed and made final by the court *en banc.* This appeal followed.

The appellants assert that the ordinance should be invalidated for a variety of reasons, to wit: (1) the City had no authority to enact such an ordinance by virtue of the provisions of the Act; (2) the tax imposed by the ordinance duplicates already existing state taxes on the same property or subject matter; (3) the tax imposed by the ordinance violates the uniformity clause of the Pennsylvania Constitution (Art. VIII, Sec. 1); (4) the ordinance contains an unlawful delegation of legislative authority to the treasurer of the City of Pittsburgh; and (5) the tax imposed by the ordinance exceeds the maximum rate which under the Act is allowed for a mercantile tax. We find none of these

arguments persuasive and affirm the order of the lower court.[1]

(1) The Act is a substantial re-enactment of the so-called "Tax Anything Act" of June 25, 1947, P. L. 1145, as amended, 53 P.S. §6851 et seq. See *University Club v. Pittsburgh*, 440 Pa. 562, 271 A. 2d 221 (1970); *Wilkes-Barre Appeal*, 208 Pa. Superior Ct. 424, 222 A. 2d 499 (1966). See also *Crawford v. Southern Fulton School District*, 431 Pa. 324, 246 A. 2d 332 (1968); *Lynch v. O. J. Roberts Sch. Dist.*, 430 Pa. 461, 244 A. 2d 1 (1968). The 1947 Act represented a legislative grant of power to the municipalities to tax anything except in those areas specifically forbidden by statute. See *Rose Twp. v. Hollobaugh*, 179 Pa. Superior Ct. 284, 288-89, 116 A. 2d 323 (1955). Clearly, the 1965 re-enactment represents a similar grant of power, for Section 3 of the 1965 Act declares, in the same language as the 1947 Act, that: "It is the intention of this section to confer upon such political subdivision the power to levy, assess and collect taxes upon any and all subjects of taxation, except as above restricted and limited, which the Commonwealth has power to tax but which it does not tax or license, . . ." Despite the above quoted language, appellants assert that a municipality may not provide for a business privilege tax because that particular tax is nowhere mentioned in the Enabling Act. We cannot accept such a narrow interpretation. Section 2 of the Act generally states that municipalities may provide for taxes on "persons, transactions, occupations, privileges, subjects and personal property."

---

[1] The appellants also argue that the business privilege tax imposed by the ordinance is an earned income tax which under Section 13 of the 1965 Act, 53 P.S. §6913 (Supp. 1971) can be imposed only upon natural individuals. By definition, the tax imposed by the City is not an income tax, but rather a tax on a privilege which is measured by the gross receipts collected from conducting a business and *not* by the amount of profit made by the taxpayer.

It then carves out certain exclusions from the broad grant. Nowhere is it stated that business privilege taxes are outside the range of the taxing powers granted. We find, accordingly, that the City of Pittsburgh did have the power to enact the contested ordinance.[2] See *University Club v. Pittsburgh*, supra; *McGillick v. Pittsburgh*, 415 Pa. 581, 203 A. 2d 480 (1964); *O. H. Martin Co. v. Sharpsburg Borough*, 376 Pa. 242, 102 A. 2d 125 (1954); *Federal Drug Co. v. Pittsburgh*, 358 Pa. 454, 57 A. 2d 849 (1948).

(2) Appellants next assert that even if the City did have the power to enact a business privilege tax, this tax is invalid as applied to them because, in contravention of Section 2(3) of the Act, the ordinance imposes a tax on the privilege of employing tangible property which is presently the subject of state taxation.[3] Section 2(3) of the Enabling Act does prohibit municipalities from taxing the privilege of employing "such

---

[2] The appellants contend that the Local Tax Enabling Act, *supra*, should be construed as granting to municipalities the power to enact only those taxes as to which specific rate limitations have been provided by the Act. In support of this interpretation they point to the title of the Act, which refers to authority to a city to levy, assess and collect "certain taxes subject to maximum limitations for general revenue purposes." See Section 8 of the Act, 53 P.S. §6908 (Supp. 1971) for specific rate limitations imposed in certain areas of taxation and Section 17 of the Act, 53 P.S. §6917 (Supp. 1971) for a limitation on the aggregate amount of taxation which may be imposed under authority of the Act. Nowhere does the title indicate, nor do we interpret it to mean, that a municipality is restricted to levying those taxes upon which specific rate limits are placed. Indeed such an interpretation, aside from being unreasonable, would be a contradiction of the clear text of Sections 2 and 3 of the Act, quoted above.

[3] While not fully articulated in appellants' brief, the argument appears to be that the tax imposed by the Business Privilege Tax ordinance is in fact a property tax and that as such it duplicates, *pro tanto*, the Commonwealth's capital stock tax and foreign corporation franchise tax. See discussion, *infra.*

tangible property as is now or does hereafter become subject to a state tax." The mere fact, however, that tangible property is utilized in exercising the privilege or conducting the activity being taxed, does not *per se* convert the tax on that privilege or activity into a tax on the privilege of using the property. See *Plymouth Lanes v. Plymouth Twp.*, 415 Pa. 206, 202 A. 2d 811 (1964). Clearly, carrying on a business such as that in which the appellants are engaged, namely the business of construction, involves much more than the use of the tangible property employed in the structures themselves. In order successfully to complete almost any project, a contractor must necessarily employ and supervise his own labor force, negotiate subcontracts, coordinate the supporting contractors and services, comply with the restrictions and conditions imposed by government regulatory authorities, and perform miscellaneous other functions. It is only in the very rare case where the business itself consists only of the use of tangible property already being taxed by the state, and where the tax is measured by the amount of such property being used, that under similar provisions of earlier enabling statutes we have invalidated a tax on the theory appellants assert. See *Centerville Borough School District Tax Case*, 362 Pa. 400, 67 A. 2d 378 (1949) ; *Hampton Township School District Tax Case*, 362 Pa. 395, 67 A. 2d 376 (1949) ; *Peoples Natural Gas Co. v. Pittsburgh*, 317 Pa. 1, 175 Atl. 691 (1934).

Appellants argue, however, that even if the tax in question is not deemed to be levied upon the privilege of employing tangible property, it is invalid under Section 3 of the Act because in other ways it duplicates already existing state taxes,[4] viz., the corporate net

---

[4] Section 3 of the Enabling Act, quoted above at page 2, states that its intention is to grant the mentioned municipalities the same power to tax "which the Commonwealth has power to tax *but which it does not now tax* or license, . . ."

income tax, Act of May 16, 1935, P.L. 208, as amended, 72 P.S. §3420(a) et seq. (Supp. 1971), the capital stock tax, Act of June 1, 1889, P. L. 420, as amended, 72 P.S. §1871 et seq. (Supp. 1971), and the corporate franchise tax, Act of May 16, 1935, P. L. 184, as amended, 72 P.S. §1871 et seq. (Supp. 1971).

In a suit contesting a very similar taxing ordinance enacted under the authority of the Sterling Act,[5] the exact duplication-of-tax issues involved herein were raised and considered. *National Biscuit Co. v. Philadelphia,* 374 Pa. 604, 98 A. 2d 182 (1953). In that case we held that an excise tax on the privilege of transacting business was not duplicative of the corporate net income tax, the capital stock tax, or the foreign corporation franchise tax. *Id.* at 612-613. We consider this holding to be conclusive of the duplication issues presently raised except as to the corporate franchise tax.

In *National Biscuit,* supra, we based our decision on the proposition that the Commonwealth taxes there under consideration, *including the corporate franchise tax,* were property taxes, whereas the Philadelphia ordinance was an excise or privilege tax, and therefore no double taxation occurred. Subsequent to the *National Biscuit* decision, *supra,* however, this Court held, in *Commonwealth v. National Biscuit Co.,* 390 Pa. 642, 136 A. 2d 821 (1957), that the foreign corporation franchise tax is an excise tax. In distinguishing the

---

[5] The Act of August 5, 1932, P. L. 45, §1, as amended, 53 P.S. §15971, known as the "Sterling Act", grants to the City of Philadelphia the power to tax that "which the Commonwealth has power to tax but which it does not now tax or license . . ." and provides further that the city shall not have the authority to levy a tax "on a privilege, transaction, subject or occupation or on personal property which is now . . . subject to a State tax or license fee."

For the purposes of this opinion only we treat the preclusive language of the Local Tax Enabling Act, note 3, *supra,* and that of the Sterling Act as withholding the same subjects of taxation from both Philadelphia and Pittsburgh.

cases which had indicated to the contrary where, as here, local taxes were under attack as being duplicative of state taxes, the Court said: "In determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases. The incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied." *Id.* at 652. Applying this test we find the contested ordinance is not duplicative of the corporate franchise tax (nor, for that matter, any others of the pertinent state taxes) because it does not tax the same subject matter, nor is it measured by the same tax base. As the Court expressly held in the closely similar case of *Federal Drug Co. v. Pittsburgh,* 358 Pa. 454, 57 A. 2d 849 (1948): "The Act of 1935, supra, is a tax for the privilege of a foreign corporation coming into the state of Pennsylvania for the purpose of conducting its business *in corporate form.* The city ordinance, under attack, is a tax for the privilege of doing business within the city with respect to *any* individual, partnership or corporation. It is not a tax limited to foreign corporate associations. In the second place, while in each case the *object* of the tax is to license for the purpose of doing business, the tax actually *imposed* by the Foreign Corporate Franchise Tax is measured by the value of *the property of the foreign corporation within the state.* In the Pittsburgh ordinances the tax is on the *gross volume* of business conducted by the taxpayer. The respective impacts of the two taxes are on a totally different basis." See also *Blauner's Inc. v. Philadelphia,* 330 Pa. 342, 198 Atl. 889 (1938).

(3) Appellants earnestly urge that because of the exemptions set forth in the Business Privilege Tax

Ordinance and the regulations promulgated thereunder the ordinance is violative of Art. VIII, Sec. 1 of the Pennsylvania Constitution, the "uniformity" clause,[6] and is thus invalid. The thrust of appellants' argument is that because the ordinance imposes a tax on "[e]very person engaging in any business in the City", the City may not legitimately exclude any business from the burden of the tax,[7] nor impose different rates of tax on those businesses which are not excluded.[8] The obvious defect in appellants' position is that it fails to recognize that the taxing authority may distinguish between various classes of taxpayers and that the rate of taxation need be equal only with respect to taxpayers who are within the same class. See e.g., *Commonwealth v. Life Assurance Co. of Pa.*, 419 Pa. 370, 376-78, 214 A. 2d 209 (1965); *Allentown Sch. Dist. Tax Case*, 370 Pa. 161, 167-68, 87 A. 2d 480 (1952). The test of uniformity is whether there is a reasonable distinction and difference between the classes of taxpayers sufficient to justify different tax treatment. *Commonwealth v. Life Assurance Co. of Pa.*, *supra*, *Commonwealth v. Girard Life Ins. Co.*, 305 Pa. 558, 158 Atl. 262 (1932). In the instant case, several of the variations of which appellants complain are based upon specific limitations set by the Enabling Act itself,[9] or by other state

---

[6] "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax."

[7] Business is defined as follows in the ordinance: "Business— shall not include the following: any business which is subject to the City of Pittsburgh mercantile tax; the business of any political subdivision, any employment for a wage or salary, any business upon which the power to levy a tax is withheld by law."

[8] After stating that all business subject to the tax shall pay at an annual rate of 6 mills on each dollar of volume of gross annual receipts, the ordinance states: ". . . except that the gross volume of the wholesale business transacted by wholesale dealers in goods, wares and merchandise is taxable at the rate of one (1) mill as set forth in Section 8 of [the Enabling Act]."

[9] E.g., the rate applicable to wholesalers. See note 8, *supra*.

statutes.[10] Other challenged differences in treatment are necessitated because the ordinance taxes only businesses, not employees,[11] or because a business is conducted outside of the taxing jurisdiction of the City. Prior case law has established that the burden is upon the taxpayer to demonstrate that the taxing classification is unreasonable. *Wanamaker v. Phila. School Dist.*, 441 Pa. 567, 274 A. 2d 524 (1971) ; *Commonwealth v. Life Assurance Co. of Pa., supra.* Appellants have not met that burden in this case.

(4) A further contention of the taxpayers is that the Business Privilege Tax is merely an attempted expansion of the Mercantile License Tax (Ordinance No. 488) and as such should be subject to the maximum rate limitations specified for mercantile license taxes by Section 8(2) of the Act (i.e., one mill on each dollar of volume of business of a wholesaler and two mills on each dollar of volume of business of a retailer). While the ordinance here involved does tax the privilege of engaging in business, it is in no way limited, as is the mercantile tax, to the transactions of merchants who sell at wholesale or retail; its scope, subject to the exclusions, reaches all persons engaged in any business in the City of Pittsburgh. To the extent, however, that the Business Privilege Tax can be considered an extension of the mercantile tax, it does not exceed the limits of the Enabling Act because, as stated above, retailers are taxed at two mills and wholesalers at one mill, just as the Act requires.

(5) Finally, as to appellants' argument that the taxing ordinance unlawfully delegates authority to the

---

[10] E.g., the Nonprofit Hospital Plan, Act of June 21, 1937, P. L. 1948, 40 P.S. §1401 et seq. (Supp. 1971) exempting Blue Cross from taxation.

[11] E.g., a person who represents a single insurance company, devoting his entire time to the company and is considered by the company to be its employee.

city treasurer, we merely point to the holding in *O. H. Martin Co. v. Sharpsburg Borough*, 376 Pa. 242, 102 A. 2d 125 (1954), namely, that there is no unlawful delegation in allowing a city officer to enforce and administer a taxing statute complete on its face, so long as the regulations issued by that officer are merely in aid and explanation of the ordinance. We are not persuaded that the duties assigned to the treasurer or the regulations issued by him transgress this limitation.

Decree affirmed. Costs on appellants.

Mr. Chief Justice BELL concurs in the result.

Mr. Justice COHEN took no part in the decision of this case.