## Central Dauphin Taxpayers League v. Dauphin County

*Thomas W. Scott,* for plaintiffs.
*Herbert A. Schaffner,* for defendants.

CALDWELL, *J.,* December 19, 1977 — Plaintiffs have filed exceptions to our decree nisi, entered October 21, 1977, which dismissed their complaint and upheld the action of defendants in imposing for the year 1977 an 18 mill tax on real estate located within the City of Harrisburg, and a 20 mill tax on all other county real estate. It is now contended we erred in refusing to invalidate the taxes levied on the grounds that the classifications used were unreasonable.[1]

Plaintiffs originally questioned the "uniformity" aspect of the tax program. We note at the outset that the "classification" prong was raised neither in the pleadings nor pursued at the hearing and is set forth for the first time at this late stage of the proceedings. The main thrust of plaintiffs' case has been a challenge to the validity per se of a taxing resolution which provides for two different millage rates. Although we think the belated argument has been improperly raised, we do recognize we are dealing with a matter of some importance and shall address the new claim without regard to its technical and procedural infirmities.

---

1. A full account of the facts and background is set forth in 99 Dauph. 371 (1977).

The Pennsylvania Constitution, in article VIII, section 1, provides for classification and defines its permissible limits as follows: "All taxes shall be uniform, upon the same class of subjects . . ." The test of uniformity in this respect is whether there exists a reasonable distinction and difference between classes of taxpayers sufficient to justify different tax treatment: F. J. Busse Co. v. Pittsburgh, 443 Pa. 349, 279 A.2d 14 (1971). So long as the basis employed is neither arbitrary nor capricious, the test of reasonableness is met. See Commonwealth v. Life Assurance Co. of Penna., 419 Pa. 370, 214 A.2d 209 (1965), appeal dismissed 384 U.S. 268 (1966). Classification may be based upon differences recognized in the business world, on want of adaptability of the subject to the same method of taxation, upon impracticability of applying similar methods or upon well-grounded considerations of public policy. See generally, Jones & Laughlin Tax Assessment Case, 405 Pa. 421, 175 A.2d 856 (1961), and Heisler v. Thomas Colliery Co., 274 Pa. 448, 118 Atl. 394 (1922).

As outlined in the adjudication, real property taxpayers within the county were divided into two groups for 1977, those whose assessments were based upon market values established by the appraisal of 1957-59 (non-city properties) and those who were assessed using values determined in the 1972-75 reappraisal (city properties). When the findings of fact made by the chancellor are considered, particularly those pertaining to the relative average assessment-to-sales price ratios between city and non-city properties, it is clear that the classification was neither arbitrarily done nor unreasonable from the standpoint of uniformity.

It is important to note that county officials had attempted to use the results of the 1972-75 as-

sessment program in taxing non-city properties for 1977, and, had that occurred, all county real estate would then have been assessed and taxed on the same basis. However, an injunction issued by this court required the county to resort to using the older assessments for non-city properties, and the different millages were employed in an effort to make the tax burden more equal among all property owners for the year 1977. We believe this unique, temporary and non-recurring set of circumstances adds additional support to a finding of reasonableness in this case.

The burden of showing that a classification employed by the legislative authority is unreasonable falls upon the party attacking the tax: Commonwealth v. Life Assurance Co. of Penna., supra. Because wide discretion is accorded to elected officials in this area, the burden of proving unreasonableness is a heavy one. See Alco Parking Corp. v. Pittsburgh, 453 Pa. 245, 307 A.2d 851 (1973), reversed on other grounds, 417 U.S. 369 (1974), where the court reiterated the following principle at page 256:

" 'So long as the classification imposed is based on some standard capable of reasonable comprehension, be that standard based upon ability to produce revenue or some other legitimate distinction, equal protection of the law has been afforded.' "

Examination of the record reveals that the county has produced a wealth of evidence tending to establish a reasonable basis for imposing the questioned tax. Plaintiffs' testimony does not approach either the quality or quantity required to sustain their burden of proof.

Accordingly, the decree nisi is now adopted as a final decree.

## FINAL DECREE

Plaintiffs' exceptions to our decree nisi are dismissed and said decree is hereby made a final decree.