Hanover Borough Professional Association, Appellant *v.* Borough of Hanover, Appellee.

Argued February 7, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, BLATT, DISALLE, CRAIG and MACPHAIL . Judges WILKINSON, JR. and ROGERS did not participate.

*Daniel M. Frey,* with him *Alan M. Cashman,* for appellant.

*Lavere C. Senft, Liverant, Senft and Cohen,* and *Donald E. Albright,* Borough Solicitor, for appellee.

OPINION BY JUDGE CRAIG, May 24, 1979:

We affirm the order of the Court of Common Pleas of York County which sustained a demurrer filed by the Borough of Hanover (borough) against the complaint of appellant Hanover Borough Professional Association seeking to have the borough's Business Privilege Tax held invalid as creating an unreason-

able classification in violation of the uniform taxation clause in Article VIII, §1 of the Pennsylvania Constitution, on the ground that it is imposed only upon the rendering of services, as distinguished from sales businesses.

The essence of the attack is that a business privilege tax should be interpreted and applied to all businesses and professions, and that an unreasonable classification has been created if it is applied only to the rendering of services.

Our reading of the ordinance, in agreement with the court below, is that it has clearly been written to apply to service businesses and occupations. We find no reason why the generic title of the ordinance or its generalized introductory language should prevent it from being so written and interpreted.

There is no authority to support appellant's theory that a business tax is invalid unless it is imposed upon all businesses, or that a tax upon one class of business is invalid unless there are similar taxes upon all other businesses.

*F. J. Busse Co. v. City of Pittsburgh*, 443 Pa. 349, 279 A.2d 14 (1971) held a business privilege tax, like that of the borough here, to be valid, as against the same uniformity and classification attack which has been raised here. Although the City of Pittsburgh had a separate mercantile tax applicable to sales businesses, the existence of the mercantile tax was in no way essential to the holding in the *Busse* case.

We conclude that the Court of Common Pleas of York County was correct in sustaining the demurrer to the complaint.

ORDER

AND Now, this 24th day of May, 1979, the order of Judge JAMES E. BUCKINGHAM of the Court of Common Pleas of York County dated September 22, 1977 is affirmed.