564 A.2d 546

**HELSEL, INC., Appellant,**

v.

**CITY OF HARRISBURG, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1989.

Decided Sept. 27, 1989.

Thomas D. Caldwell, Jr., with him, James G. Nealon, Caldwell & Kearns, Harrisburg, for appellant.

Judith Brown Schimmel, City Sol., for appellee.

Before BARRY and PALLADINO, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

Appellant, Helsel, Inc., a real estate broker, sought a declaratory judgment in the Court of Common Pleas of Dauphin County seeking a ruling that the City of Harrisburg's Business Privilege and Mercantile Tax is invalid as applied to appellant. The tax consists of millage imposed on every thousand dollars of gross receipts. Since there were no facts in dispute, appellant moved for summary judgment and the City filed a similar cross motion. The trial court ruled in favor of the City and appellant filed the instant appeal.

■ Both of appellant's arguments are based on the fact that it pays a fee biennially to the Pennsylvania Real Estate Commission which is used to support the Commission's operations. We will first address the argument that the Commonwealth has preempted the taxation of real estate operators by establishing the Real Estate Commission. Appellant is correct in stating that we must determine whether the legislature intended to preempt the field in enacting the Real Estate Licensing and Registration Act.[1] *City of Pittsburgh v. Allegheny Valley Bank of Pittsburgh*, 488 Pa. 544, 412 A.2d 1366 (1980). In *Allegheny Valley Bank* the Pennsylvania Supreme Court held that the legislature had preempted the taxation of banks by enacting the Banking Code and the Department of Banking Code and that a local business privilege tax on banks was therefore invalid. Appellant also points to case law holding that the harness racing industry and the liquor industry have been preempted. *Commonwealth v. Wilsbach Distributors, Inc.*, 513 Pa. 215, 519 A.2d 397 (1986), *rev'g*, 81 Pa. Commonwealth Ct. 244, 473 A.2d 1123 (1984); *Liberty Bell Racing v. City of Philadelphia*, 86 Pa. Commonwealth Ct. 83, 483 A.2d 1063 (1984).

In examining the Real Estate Licensing and Registration Act, we find that it merely establishes a system for professional registration to control the ethical character and conduct of real estate brokers. The Act does not provide for the pervasive regulation of every aspect of the real estate industry as the acts in the industries discussed in the above cases. We therefore hold that the real estate field has not been preempted.

■ Appellant's main argument is that the local tax is barred by Section 2 of the Local Tax Enabling Act (LTEA),[2] which states that local authorities cannot tax "a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee". 53 P.S. § 6902(1). While the appellate courts

1. Act of February 19, 1980, P.L. 15, *as amended*, 63 P.S. §§ 455.101–455.902.

2. Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. § 6902.

of this state have dealt with the question of when a local tax is barred under this language and under similar language in prior statutes, there is some confusion in the case law as to what standard is to be applied in making this determination. We begin with the case on which appellant relies, *National Biscuit Co. v. Philadelphia*, 374 Pa. 604, 98 A.2d 182 (1953). In *National Biscuit* the Pennsylvania Supreme Court held that a local mercantile license tax is prohibited only when the Commonwealth has enacted a "true license fee", that is, a fee which is enacted in order to reimburse the licensing authority for the cost of supervision and regulation of the industry. The Court was distinguishing a license fee from a mere registration fee which is a nominal fee, insufficient to cover the cost of regulating the industry. The Court held that such a registration fee does not bar local taxation.

The City responds by citing *Philadelphia Tax Review Board v. Smith, Kline & French Laboratories*, 437 Pa. 197, 262 A.2d 135 (1970), in which our Supreme Court held that a local mercantile license tax was not prohibited by a state license fee.[3] The case is cited for the proposition that a local tax is not barred unless the state has enacted a revenue raising measure, characterized by a large level of monetary income and a large income compared to the costs of collection and supervision. *Smith, Kline & French* is a plurality decision and no more than two justices joined in any one opinion.

Subsequent to issuing *Smith, Kline & French* the Supreme Court decided *F.J. Busse Co. v. Pittsburgh*, 443 Pa. 349, 279 A.2d 14 (1971), in which it held that a local business privilege tax was not duplicative of several state taxes. The Court based this holding on its conclusion that the incidence of the local and state taxes were not the same. The incidence of a tax was defined as embracing the subject matter of the tax and the tax base to which it is applied. This standard was drawn from a second case involving the

---

3. Both *Smith, Kline & French* and *National Biscuit* involved § 1 of the Sterling Act, Act of August 5, 1932 [Ex.Sess.], P.L. 45, *as amended,* 53 P.S. § 15971, which contains language analogous to that in the LTEA.

National Biscuit Co., *Commonwealth v. National Biscuit Co.*, 390 Pa. 642, 136 A.2d 821 (1957), *appeal dismissed,* 357 U.S. 571, 78 S.Ct. 1383, 2 L.Ed.2d 1547 (1958), which concerned the issue of whether two state taxes were duplicative but which contained a discussion of cases involving local and state taxes.

Although this Court has cited *Smith, Kline & French* approvingly in the past, we do not believe it represents the law of the Commonwealth. We note that the Pennsylvania Supreme Court has never relied on *Smith, Kline & French.* The plurality opinion in that case has no precedential value, though the concurrence appears to be in line with the standard set forth in *F.J. Busse* which we find to be controlling in the present case. We hold that the incidence of the state and local taxes must be examined to determine if they are duplicative so that the local tax is barred under 53 P.S. § 6902(1).[4]

In examining the two taxes in question, it is readily apparent that the nature of the taxes are so different that they are not duplicative under the *F.J. Busse* test. The tax paid to the City is a tax on gross receipts while the tax paid to the Commonwealth is a license fee not dependent on the amount of gross receipts. The City tax is placed on all businesses while the license fee is directed only towards real estate brokers. We hold that such taxes are not duplicative under the LTEA. The order of the trial court is therefore affirmed.

## ORDER

NOW, September 27, 1989, the order of the Court of Common Pleas of Dauphin County, dated August 3, 1988, at No. 5–S–1987, is affirmed.

---

**4.** Justice Flaherty assessed this as being the law of the Commonwealth in his dissent in *Commonwealth v. Wilsbach Distributors, Inc.,* 513 Pa. 215, 519 A.2d 397 (1986), *rev'g,* 81 Pa. Commonwealth Ct. 244, 473 A.2d 1123 (1984). The majority in that case held that the local tax in question was barred by preemption and the majority did not address whether the tax was barred under the LTEA. Justice Flaherty's dissent contended that the tax was not preempted and went on to address the effect of the LTEA.