605 A.2d 456

**CARPENTER AND CARPENTER, Certified Public Accountants, a Pennsylvania Professional Corporation, Appellant,**

v.

**CITY OF JOHNSTOWN and Greater Johnstown School District, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1991.

Decided March 11, 1992.

Petition for Allowance of Appeal Denied Sept. 14, 1992.

---

Michael W. Sahlaney, for appellant.

John J. Kuzmiak and Samuel F. Rizzo, for appellees.

Before CRAIG, President Judge, and DOYLE, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

This is an appeal by Carpenter and Carpenter (taxpayer), a professional corporation accounting firm, of a judgment on the pleadings entered by the Court of Common Pleas of

Cambria County. We reverse the trial court's decision and remand the case.

A business privilege tax duly advertised by the City of Johnstown and the Greater Johnstown School District was enacted by both the city and school district, each at the rate of 1.5 mills on gross receipts of the taxpayer. The tax was levied pursuant to The Local Tax Enabling Act (LTEA).[1]

The taxpayer, contending that § 8 of the LTEA, 53 P.S. § 6908, imposes a combined limit on the tax, sought a declaratory judgment restricting the total of both taxes, as levied by the city and school district, to 1.5 mills, so that the maximum rate for each would be .75 mills.

The taxpayer also argued that the tax is unconstitutional because it violates the uniformity clause of Article VIII, Section 1 of the Pennsylvania Constitution by taxing retail and wholesale merchants (mercantile tax) different than service providers (business privilege tax). The taxpayer also requested an injunction against the city and school district from collecting penalties and or interest based upon any tax rate in excess of .75 mills because a letter from the city solicitor had acknowledged that the city is only entitled to .75 mills.

After pleadings, the taxpayer filed a motion for judgment on the pleadings. The trial court instead entered judgment on the pleadings for the city and the school district after finding that no genuine material questions of fact existed. The taxpayer now appeals to this court.

### Maximum Tax Rate

■ The taxpayer first argues that the trial court erred in holding that § 8 of the LTEA does not limit the city and the school district to a combined business privilege tax of 1.5 mills. The taxpayer cites the following language in § 8:

1. Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§ 6901–6924.

No taxes levied under the provisions of this act shall be levied by any political subdivision on the following subjects exceeding the rates specified in this section:

. . . .

(2) On each dollar of the whole volume of business transacted ... by retail dealers in goods, wares and merchandise and by proprietors of restaurants ... one and one-half mills; ...

None of the eleven subsection listings of tax types in section 8 include a business privilege tax on services.

Section 8 goes on to provide:

Except as otherwise provided in this act, at *any time two political subdivisions shall impose any one of the above taxes* on the same person, subject, business, transaction or privilege, located within both such political subdivisions, during the same year or part of the same year, under the authority of this act *then the tax levied by a political subdivision* under the authority of this act *shall,* during the time such duplication of the tax exists, except as hereinafter otherwise provided, *be one-half of the rate, as above limited,* and such one-half rate shall become effective by virtue of the requirements of this act from the day such duplication becomes effective without any action on the part of the political subdivision imposing the tax under the authority of this act. (Emphasis added.)

The plain language of this section limits the city and school district to three-quarters of a mill only with respect to mercantile taxes on retailers and proprietors of restaurants, not with respect to business privilege taxes on services such as those of the taxpayer's accounting firm. Nevertheless, the taxpayer attempts to argue that this language limits the political subdivisions in the present case.

The taxpayer cites *Coney Island, II, Inc. v. Pottsville Area School District,* 72 Pa.Commonwealth Ct. 461, 457 A.2d 580 (1983), where this court held that the business privilege taxes enacted by a school district and a township were covered by, and exceeded, the limits of § 8. Although

the tax there was labeled as a business privilege tax rather than a mercantile tax, the case involved only wholesalers,[2] retailers and proprietors of restaurants—not service businesses—and therefore fit the statutory concept of a mercantile tax, so that the case is not controlling. We hold that the business privilege taxes, as applied to the taxpayer, are not limited by § 8 of the LTEA.

 A motion for judgment on the pleadings disposes of a case before trial where there exists no genuine issue of fact and where the moving party is entitled to judgment as a matter of law. *Giddings v. Tartler*, 130 Pa.Commonwealth Ct. 175, 567 A.2d 766 (1989). Additionally, if there are no unresolved issues of material fact, judgment may be entered for or against any party without regard to whether he was the moving party. *Boron v. Smith*, 380 Pa. 98, 110 A.2d 169 (1955).

Because there are no material facts in dispute with respect to this issue, the trial court did not err in holding that the LTEA permits each political subdivision to impose a tax of 1.5 mills.

### Constitutionality and Estoppel

 Alternatively, the taxpayer argues that, even if the taxes are not limited by the LTEA, the trial court erred in granting judgment on the pleadings because there are genuine issues of material fact (1) with respect to the questionable constitutionality of § 8 of the LTEA, and (2) with respect to the taxpayer's reliance upon the information provided by the city solicitor on the subject of liability for interest and penalties.

The trial court, citing *F.J. Busse Co. v. City of Pittsburgh*, 443 Pa. 349, 279 A.2d 14 (1971), correctly held that, although the business privilege tax is not listed in, and hence is not subject to, § 8 of the LTEA, it is subject to the general limitations of the Act.

2. Additional language in § 8 limits the taxes which may be imposed on each dollar of the whole volume of business transacted by wholesalers.

Moreover, such a tax is, of course, subject to constitutional limitations. In *Busse*, the Supreme Court specifically stated that "[t]he test for uniformity is whether there is a reasonable distinction and difference between the classes of taxpayers sufficient to justify different tax treatment," *Id.*, 443 Pa. at 358, 279 A.2d at 19, and that the taxpayer has the burden of demonstrating that the classification is unreasonable.

The Court did not hold that all business privilege taxes are constitutional *per se;* it merely concluded that the taxpayer failed to meet the burden of demonstrating that the taxing classification was unreasonable. Under the uniformity clause, the taxing authority may distinguish between various classes as long as taxpayers within the same class are treated equally. *Id.*

In the present case, a judgment on the pleadings precludes the taxpayer from the opportunity to demonstrate a possible unreasonable classification. Therefore, there is a question of fact as to whether § 8 and the two respective business privilege taxes are being applied uniformly.

■ The taxpayer also argues that it should have the opportunity to present evidence as to whether the city and school district are estopped from collecting interest and penalties on the unpaid portion of its taxes for 1988 and 1989 because of the taxpayer's reliance on an opinion of the city solicitor. The taxpayer attached a letter to its complaint in which the city solicitor expressed the opinion that the city is "only entitled to ¾ of a mill."

■ Estoppel arises when a party intentionally or negligently misrepresents a material fact, knowing or having cause to know that another will rely on the misrepresentation, and that the other justifiably relies upon the misrepresentation to his detriment. The elements of estoppel must be proven by clear and convincing evidence, with the critical elements being misrepresentation and justifiable reliance. *Police Pension Fund Association Board v. Hess*, 127 Pa.Commonwealth Ct. 498, 562 A.2d 391 (1989). Although estoppel can be asserted against a government agency, the

government cannot be subject to the acts of its agents and employees if those acts are outside the agent's power, in violation of positive law, or acts that require legislative or executive action. *Finnegan v. Public School Employes' Retirement Board,* 126 Pa.Commonwealth Ct. 584, 560 A.2d 848 (1989).

The taxpayer may be able to establish the elements of estoppel if it can show that it justifiably relied on the city solicitor's opinion. This point involves an issue of fact. Our review of the pleadings reveals that a material issue of fact also exists as to whether taxpayer had refused to pay the tax before learning of the city solicitor's position.

### Conclusion

Accordingly, this court affirms the trial court's order insofar as it interprets the LTEA as allowing a maximum tax rate of 1.5 mills for each political subdivision as to these business privilege taxes. However, because the trial court should not have granted judgment on the pleadings with respect to the issues of constitutionality and estoppel, we vacate the order as to those issues and remand this case for the purpose of addressing them.

### ORDER

NOW, March 11, 1992, the order of the Court of Common Pleas of Cambria County, dated February 6, 1991, at No. 1989–990, is affirmed as to the interpretation that the LTEA allows a maximum tax rate of 1.5 mills for each political subdivision as to the business privilege taxes, but vacated as to the grant of judgment on the pleadings with regard to the issues of constitutionality and estoppel. This case is hereby remanded for further proceedings on those two issues, leading to a final decision on the validity of the two taxes, and as to their rate, to the extent that the estoppel issue may affect the rate for any taxpayer or tax period.

Jurisdiction relinquished.